Hillsborough, }
Nov. 7, 1933. }

JACKSON & SONS
*v.*
LUMBERMEN'S MUTUAL CASUALTY COMPANY.

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the plaintiff.

*Devine & Tobin, Robert W. Upton* and *Laurence I. Duncan (Mr. Tobin* orally), for the defendant.

PEASLEE, C. J. The plaintiff's objections to the entertainment of the defendant's objections to proceeding with the action in this jurisdiction, present no question of law. They concern matters relating to the rules of the superior court and their application or suspension. Cases involving an issue of jurisdiction over a party have no pertinence to this controversy. It is true that consent will confer that feature of jurisdiction. But where the issue concerns jurisdiction over the subject-matter a different rule prevails. Consent cannot confer a non-existent jurisdiction of subject-matter (*Mansfield* v. *Holton*, 74 N. H. 417, and cases cited; *State* v. *Ricciardi*, 81 N. H. 223; *LaBonté* v. *Berlin*, 85 N. H. 89); and objections touching jurisdiction thereof may be heard at any time. *Patten's Petition*, 16 N. H. 277. While this is not precisely a case involving lack of jurisdiction, in the sense that there is no power to act, yet the jurisdictional question presented has to do with the subject-matter, and not with bringing the parties within the power of the court to bind them by a judgment. In such situation, rules as to pleas in abatement or other dilatory proceedings have no application. The exception is overruled.

The question whether the courts of a state will take jurisdiction of a controversy between two non-residents, is often largely one of fact. Convenience of parties, nature of the matter to be litigated, state of the local demands upon the court and kindred topics are all considered relevant to the issue. The whole subject has recently been treated at length upon an extensive review of the authorities by the Massachusetts court. *Universal Adjustment Corporation* v. *Midland Bank*, 281 Mass. 303, There is no occasion to reëxamine the details critically. Application of the underlying general principle is sufficient in this instance. That "principle is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined." *Ib.* 158.

Assuming that the question is almost wholly one of fact (*Driscoll* v. *Railway*, 71 N. H. 619), it is true here as in all other instances that where the evidence is conclusive the fact issue can be decided but one way, and that as matter of law. *Bennett* v. *Larose*, 82 N. H. 443, and cases cited.

The facts in the present instance present that situation. The plaintiff is an Ohio corporation, and the defendant is present and doing business there. The original cause of action arose in that state. It was litigated there, and after judgment against the plaintiff it sued this defendant there on the cause of action now claimed. After a decision against it upon demurrer to its declaration, the plaintiff discontinued that suit and brought action here. The decision upon the merits of the claim depends upon the law of Ohio.

It is manifest that on every phase of the case the facts are against entertaining jurisdiction here. The only possible advantage for the plaintiff would lie in a successful attempt to obtain here a mistaken conclusion as to the Ohio law. If the law of that state permits a recovery, it could be had in that state, where parties and witnesses live, where the transactions in question took place, and where the plaintiff first sued on this claim. If the law of that state upon the questions involved is as yet undetermined, its declaration should manifestly be left to the courts of that state, whenever such course is feasible.

In view of these facts but one conclusion can be reached as to the course to be taken. The superior court should decline jurisdiction.

*Case discharged.*

All concurred.