Walter KUETZING, Plaintiff,

v.

AMERICAN SHOPPING CENTERS, INC., a corporation, Defendant.

No. 4-58-Civ.-362.

United States District Court
D. Minnesota,
Fourth Division.

March 23, 1959.

William C. Kelly, Minneapolis, Minn., for plaintiff.

Richard J. Leonard, John L. Hannaford, St. Paul, Minn., for defendant.

DEVITT, District Judge.

For disposition here is a motion by defendant to transfer this action, pursuant to 28 U.S.C.A. § 1404(a), from the District of Minnesota to the Northern District of Illinois for the convenience of parties and witnesses, and in the interest of justice.

The underlying action is one by a citizen of Montana, an architect, against a Delaware corporation, which has its principal office in Chicago, for damages for an alleged breach of contract for professional services performed in connection with the construction of a shopping center in Billings, Montana.

Plaintiff's contract was made with Partington Plaza, Inc., which is not a party to this action. It is alleged that the defendant purchased the assets and assumed the obligation of Partington Plaza, Inc., including the obligations under the contract which plaintiff claims has been breached. There are other theories for recovery alleged. The answer denies the allegations of the complaint and sets up other defenses.

It appears from the pleadings, affidavits and representations of counsel that the defendant is licensed to do business in Illinois and has a statutory agent for service there; that it doesn't do business in Montana; that all of the books and records of the defendant and of Partington Plaza, Inc., are in Chicago, and the officers and each of the witnesses expected to be called by defendant live in the Chicago area.

It further appears that there are no witnesses in Minnesota who will probably be called, nor are there books, records or other evidence of any kind in this state. Defendant claims that there is no convenience to trying the lawsuit in Minnesota and much inconvenience in doing so. It urges that the Northern District of Illinois is the logical locale for the trial.

In essence, the plaintiff does not deny any of these representations. He claims that he has six witnesses—all residents of Montana—whom he intends to present. He argues that he couldn't get service on the defendant in Montana, that Minnesota is the closest place to his residence, and that of his witnesses, where he could get service of process; that it would entail more expense to bring himself and witnesses to Chicago, which is 400 miles further from his home than Minneapolis; he opposes the motion.

The statute, 28 U.S.C.A. § 1404(a), provides that:

254

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ It is manifest that this action could have been brought in Illinois and that the court has authority to transfer it there. It appears to be a discretionary matter, and the discretion is a relatively broad one, especially when viewed in the light of the decisions authorizing transfers under the *forum non conveniens* doctrine. Sec. 1404(a) is not a codification of that principal and its enactment is interpreted as vesting a wider discretion in this field than trial judges possessed formerly. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

None of the normal reasons for bringing the lawsuit in Minnesota are present here. None of the parties, witnesses or any of the evidence is in Minnesota. Plaintiff set out to sue defendant, and Minnesota was the closest place to his home where he could get jurisdiction. That is the only reason the lawsuit is here. It would be much more convenient to the defendant to try this matter in Chicago, which is one of the places where court for the Northern District of Illinois is held. At the same time, it would be a little more burdensome for the plaintiff to try it there since it would require an additional 400 miles of travel. While Minnesota is really a neutral area in so far as the litigants are concerned, it is also completely foreign to the parties and they to it. I doubt the propriety, and question the wisdom, of our entertaining litigation which has no natural place here. It is only the happenstance of the defendant having an agent for service of process here, under Minnesota Law, that accounts for the acquisition of technical jurisdiction in the first place.

■ While some consideration must be afforded the plaintiff's prerogative to choose his forum, Norwood v. Kirkpatrick, supra, I doubt if that is entitled to much weight in a fact situation like this. I think the defendant has made a sufficient showing for transfer. See Hill v. Upper Mississippi Towing Corp., D.C., 141 F.Supp. 692, 693, 694. The motion is granted.