**KANSAS CITY SHIPPERS ASSOCIATION, INC., a Kansas corporation, Plaintiff,**

**v.**

**PENNSYLVANIA RAILROAD COMPANY, a Pennsylvania corporation, and Concar, Inc., a Pennsylvania corporation, Defendants.**

No. 12291.

United States District Court
W. D. Missouri, W. D.
March 30, 1960.

Knipmeyer, Milligan, McCann & Millett, Kansas City, Mo., for plaintiff.

Hogsett, Houts, James, Randall & Hogsett; Howell & Sanders, Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

Defendants, The Pennsylvania Railroad Company and Concar, Inc., jointly move to transfer this action to the United States District Court for the Eastern District of Pennsylvania under the provisions of Title 28 U.S.C.A. § 1404(a).

Suit was originally brought in the Circuit Court of Jackson County, Missouri, at Independence. It was separately removed to this Court by defendant Pennsylvania. The validity of removal and jurisdiction here were sustained in my order of April 28, 1959. Subsequent to that time defendant Concar entered its appearance, filed its answer to the first amended complaint, and joined in the motion to transfer.

The first amended complaint discloses the nature of the suit. It is alleged that plaintiff is a Kansas corporation with its principal office in Kansas City, Missouri; that both defendants are Pennsylvania corporations; that each corporation acted as agent for the other; that plaintiff was the consignee under a bill of lading issued by defendants; that defendants were paid for transporting the goods referred to in the bill; that the property to be transported was delivered to defendants; that defendants were to transport the property to Kansas City, Missouri; and that defendants breached the bill of lading in failing to deliver the goods to the point of destination.

An affidavit by counsel for defendant Pennsylvania attached to the original motion to transfer gives some insight of a general nature into the factual background of this controversy. It is stated therein that Concar had undertaken to consolidate the goods for loading into a freight car at Kensington Freight Station in Pennsylvania, and that while awaiting transport they were destroyed, along with a large amount of other property, by a fire.

Section 1404(a), supra, provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There is no question but that this suit could have been brought against the named defendants in the district to which transfer is sought.

The Supreme Court in Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, outlined the general philosophy and factors which were to be considered by courts in the application of the doctrine of *forum non conveniens*. Section 1404(a), supra, is an outgrowth of that doctrine with, as that section has been interpreted by the Supreme Court, one fundamental difference. That change was defined by the majority opinion in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 546, 99 L.Ed. 789. It is that transfer between district courts under the statute is a much broader and more flexible concept, investing the district courts with more discretion, than existed under *forum non conveniens*. The Court in the Norwood case said:

"* * * As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

An analysis of the record here discloses the following factors for and against transfer. On plaintiff's side against transfer are the elements that this Court is plaintiff's forum of choice, plaintiff's principal place of business is within this district, and the fact that certain of plaintiff's officers possibly can testify on the element of damages. The factors in defendants' favor are that both are citizens of Pennsylvania; the witnesses to the occurrence which apparently destroyed the property in question reside in or near Philadelphia (an affidavit in the record discloses that there are six such witnesses); there are five other cases pending in the Eastern District of Pennsylvania involving losses which arose out of the same fire as this case; the transactions alleged in the complaint all occurred in Pennsylvania; and there

44

is a possibility that Pennsylvania law may control certain aspects of this suit.

Mr. Justice Whittaker while a member of this Court considered a similar factual situation in General Electric Co. v. Central Transit Warehouse Co., D.C.W.D. Mo.1955, 127 F.Supp. 817. He there held in favor of transfer and I am in accord with his views. It is my conclusion after considering the factors for and against transfer existing here, that transfer under Section 1404(a), supra, will be convenient for both parties and witnesses and in the interests of justice. The action will therefore be transferred to the United States District Court for the Eastern District of Pennsylvania. It is so ordered.