Gerald M. **WISNIEWSKI**

v.

**AMOCO SHIPPING COMPANY.**

Civ. A. No. 71–2432.

United States District Court,
E. D. Pennsylvania.

Oct. 17, 1972.

Stanley P. Kops, Philadelphia, Pa., for plaintiff.

Joseph P. Green, Philadelphia, Pa., for defendant.

## OPINION

BECHTLE, District Judge.

This matter is before the Court on a motion to transfer the above captioned case to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a). That section states:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In implementing this statute, however, the Courts give considerable deference to the plaintiff's privilege of bringing an action where he chooses. The burden of showing that the interest of justice would be best served by transferring the case is on the defendant.[1] "Unless the balance of convenience is strongly in favor of the defendant, the plaintiff's choice of a forum should rarely be disturbed." Biedrzycki v. Alcoa Steamship Company, 191 F.Supp. 895, 896 (E.D.Pa.1961).

The defendant advances the following facts in support of its position that this motion should be transferred:

That plaintiff is a citizen and resident of Pearland, Texas, which is a few miles south of Houston.

That plaintiff, a seaman, was employed by defendant as a member of the crew of the SS Amoco Connecticut, and sustained certain injuries on March 8, 1971, while so employed.

That, at the time of this accident, the vessel was proceeding into port at Savannah, Georgia.

That plaintiff obtained preliminary treatment at Savannah and thereafter all medical attention has been obtained in Texas.

That persons who either witnessed or have relevant knowledge of the occurrence were Chief Officer A. W. Green, who resides in Brownsville, Texas; Ottis Duvall, who resides in Chesapeake, Virginia; Manuel Gonzalez, who resides in Port Arthur, Texas; and Elliot Slaght, who resides in Beachhurst, New York.

1. The defendant, in his memorandum in support of the motion correctly states that the defendant's burden of showing inconvenience under 28 U.S.C. § 1404(a) is lesser than it is under the doctrine of Forum Non Conveniens. See Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

In plaintiff's answer to defendant's motion, he denied that all medical attention, outside of the preliminary treatment at Savannah, was obtained in Texas. Plaintiff states that extensive medical treatment by leading physicians has been obtained in Philadelphia, Pennsylvania. Plaintiff states further in his answer that although his residence is in Texas, he sailed on a vessel, after returning to sea following his initial period of disability, which regularly called in the port of Philadelphia.

In denying that the defendant will be inconvenienced by reason of the availability of potential witnesses in Texas, the plaintiff points out that two of the four potential witnesses, named by the defendant, reside closer to Philadelphia than they do to Texas.

In light of the foregoing facts alleged by the parties, this Court concludes that the defendant has failed to meet its burden of showing that the interest of justice would be best served by transferring this matter.