

Robert J. Triffin, pro se.

Albert C. Braslow, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiff, Robert J. Triffin, leased a photocopier and hydraulic shear to Beverly Steel Co., Inc. ("Beverly"). Beverly employed the equipment on premises leased from defendant Harris Camden Terminals Corp. ("Harris"). Beverly subsequently filed for bankruptcy; the diversity action before this court derives from Beverly's bankruptcy proceedings in the United States Bankruptcy Court for the District of New Jersey, *In re Beverly Steel Co., Inc.*, No. 86–4735 (Bankr. N.J.).

On April 10, 1987, the bankruptcy court ordered Beverly to surrender the photocopier and hydraulic shear to Triffin. Harris refuses to surrender possession of the equipment, asserting a landlord's lien under New Jersey law arising from back rent owed it by Beverly. Triffin brought suit against Harris in this court to recover damages and/or replevy of the equipment. On August 31, 1987, this court, in accordance with *Swindell–Dressler Corp. v. Dumbauld*, 308 F.2d 267, 273–74 (3d Cir.1962),

---

Robert J. **TRIFFIN**

v.

**HARRIS CAMDEN TERMINALS CORP.**

Civ. A. No. 87-2498.

United States District Court, E.D. Pennsylvania.

Oct. 8, 1987.

gave notice to the parties that it might transfer this action to the United States District Court for the District of New Jersey by the authority of 28 U.S.C. § 1404(a). After reviewing statements of the parties submitted in accordance with this court's Order, it is ordered that this case is transferred to the United States District Court for the District of New Jersey.

"For the convenience of the parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a) provides for transfer of "any civil action to any other district ... where it might have been brought." Plaintiff, although now residing elsewhere, alleges that he is a citizen of Pennsylvania; defendant is a New Jersey corporation. This action might have been brought in federal court in New Jersey. 28 U.S.C. § 1391(c).

■ A motion to transfer is determined by consideration of the same factors relevant to a determination of a *forum non conveniens* motion, but the discretion given to the district judge is broader in deciding a change of venue. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The court must consider both the public interest and the private interests of the parties. The factors to be considered are:

1. plaintiff's choice of forum;
2. relative ease of access to sources of proof;
3. availability of compulsory process for attendance of unwilling witnesses;
4. cost of obtaining attendance of willing witnesses;
5. possibility of viewing premises, if applicable;
6. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and
7. "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Gulf Oil v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).[1]

■ A plaintiff's choice of forum normally is entitled to great weight; this choice is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff. *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F.Supp. 42, 47 (E.D.Pa.1982), *Fitzgerald v. Central Gulf Steamship Corp.*, 292 F.Supp. 847, 849 (E.D.Pa.1968). Here, all of the operative events occurred in New Jersey: the bankruptcy is in New Jersey, the property in dispute is in New Jersey, and defendant's claimed lien arises under New Jersey law.

Transferring this action across the Delaware River to New Jersey does not effect significantly the parties' access to sources of proof; it may enahance this access. It also does not materially effect the cost of obtaining witnesses. In fact, defendant has stated that its witnesses all reside in New Jersey. (Letter to Judge Shapiro from Albert Braslow, dated September 3, 1987). Because the equipment in question is in New Jersey, a transfer will facilitate the possibility of viewing the premises where the equipment is kept. These private considerations militate in favor of transferring this action.

The "public interest" factors also favor a transfer. The claims in this action are most properly before the bankruptcy court in New Jersey. Plaintiff's claim against defendant is, in substance, an action to enforce the order of the bankruptcy court. Defendant's claim for rent and the priority of its landlord lien over the property of a third-party could have been adjudicated against Beverly in the bankruptcy court. That court should initially determine issues regarding alleged frustration of its order.[2]

---

1. A factor *not* to be considered by a federal court in a diversity case is the effect of a transfer on the governing substantive law. *See Deleski v. Raymark Industries, Inc.*, 819 F.2d 377 (3d Cir.1987) (Becker, J. concurring).

2. As the Third Circuit recently said, bankruptcy court jurisdiction exists "to allow the expeditious resolution of bankruptcy claims ... without the necessity of awaiting the outcome of state or federal trials." *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 386 (3d Cir.1987).

Although civil cases are presently disposed of more promptly in this court than in the District of New Jersey, the transferee court here may refer this action to the bankruptcy court in accordance with 28 U.S.C. § 157(a).

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of October, 1987, in the interest of justice and for the reasons stated in the foregoing Memorandum, it is ORDERED that this action is TRANSFERRED to the United States District Court for the District of New Jersey in accordance with 28 U.S.C. § 1404(a). The Clerk of this court shall send a certified copy of this Order, together with the record in this matter, to the Clerk of Court for the United States District Court for the District of New Jersey. In accordance with Local Rule 31, it is ordered that this transfer shall occur IMMEDIATELY.

Congress created broad jurisdiction for bankruptcy courts to allow them to resolve disputes "that formerly had to be tried in State court or in the Federal district court, at great cost and delay to the estate." *Id.* at 386. Transferring this action to New Jersey advances these policies of efficiency and expedience.