**Walter L. EMBREE & Kathleen J. Embree, Plaintiffs,**

v.

**CUTTER BIOLOGICS, Cutter Laboratories & Miles, Inc., Defendants.**

**No. DC89–19–B–O.**

United States District Court, N.D. Mississippi, Delta Division.

Feb. 14, 1991.

William B. Raiford, III, Clarksdale, Miss., for plaintiffs.

Louis Jay Miller, Memphis, Tenn., Duncan Barr, Robert R. Moore, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

Comes now before the court, defendants Cutter Biologics and Cutter Laboratories [Cutter] and Miles, Inc., the successor corporation to Cutter, pursuant to 28 U.S.C. § 1404(a), on motion to transfer venue of this action to the United States District Court for the Western District of Tennessee, Western Division at Memphis. Upon due consideration of the parties' pleadings and memoranda of law, the court is of the opinion that the motion should be granted.

### FACTS

The plaintiffs, Walter L. Embree and Kathleen J. Embree were, upon the filing of this action, resident citizens of Troy, Michigan. They presently reside in Hattiesburg, Mississippi since moving from El Paso, Texas. The defendant Cutter is a Delaware corporation with its principal offices in Berkeley, California. Cutter and Miles, Inc. were qualified to do business in the State of Mississippi at the time this suit was filed.

On August 24, 1984, the plaintiff Walter Embree was involved in a motorcycle accident in Memphis Tennessee. After the accident, the plaintiff was taken to Methodist Hospital of Memphis. Because he suffered from a mild hemophilic condition known as Factor IX deficiency, he was given multiple units of a Factor IX product manufactured by the defendant Cutter and sold under the trade name "Konyne." Subsequent to his release from Methodist Hospital, the plaintiff tested positive for HIV, the virus responsible for the Acquired Immune Deficiency Syndrome (AIDS). The plaintiffs Walter and Kathleen Embree filed this action in the Northern District of Mississippi, Delta Division, against Cutter Biologics and Miles, Inc. under theories of negligence, breach of warranty, and strict liability in tort.

### LAW

Title 28 U.S.C. § 1391 contains the statutory authority for the propriety of venue within the federal court system. In pertinent part, it states:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

. . . .

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Venue may be transferred pursuant to 28 U.S.C. § 1404(a), forum non conveniens. It provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Whether to transfer an action under § 1404(a) to another district or division "where it might have been brought" is to be judged by the standard of whether it is "for the convenience of parties and witnesses, in the interest of justice." The burden of establishing this is upon the moving party. This is the statutory enactment of the old doctrine of forum non conveniens.

The seminal case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), set forth factors to be considered by a court in addressing a motion based upon the doctrine of forum non conveniens prior to the Code of 1948. The Court stated:

Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be question as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

The court further pointed out that:

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

. . . .

There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

The plaintiff's choice may be disregarded under § 1404(a) for less compelling reasons than under the former doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). In adopting this view, the United States Supreme Court stated:

When Congress adopted § 1404(a), it intended to do more than just codify the existing law on forum non conveniens. Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying.

. . . .

[W]e believe that congress, by the term, 'for the convenience of the parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

*Id.*

## CONCLUSION

■ While the plaintiff's choice of forum is normally entitled to significant weight, "[it] is entitled to little consideration, where, as in the instant case, he has sued in a district other than the district in which he resides." *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174, 179 (S.D.Miss.1985). In consideration of a motion to transfer venue, the court weighs the advantage and convenience to the litigants. It is evident to the court that a number of the elements mentioned as important in *Gulf Oil* are present in the case at bar. The court gives weight to the location or source of proof. The motorcycle accident which necessitated the plaintiff's treatment occurred in Memphis, Tennessee. All of Embree's treatment occurred at the Methodist Hospital in Memphis, Tennessee by physicians who practice in Memphis, Tennessee.

■ It appears from the weight of the record that the Western District of Tennessee, Western Division at Memphis is the more convenient forum for this cause of

action. However, advantage and convenience to the litigants themselves are not the sole criteria for transfer. The Supreme Court noted that "factors of public interest also have place in applying the doctrine." *Gulf Oil*, 330 U.S. at 501, 67 S.Ct. at 839.

It is clear to this court that the Northern District of Mississippi has no substantive relation to this litigation, other than serving as the plaintiff's choice as the forum state. Neither the plaintiff nor any witness resides in this District. Among the public interest factors, the court considers the burdens such litigation might have upon a District with no relation to the cause of action. As stated by the *Gulf Oil* Court, "jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." 330 U.S. at 508, 67 S.Ct. at 843.

Furthermore, that Court noted, "there is an appropriateness, too in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems ... in law foreign to itself." *Id.* Since all of the acts complained of in treating the plaintiff occurred in Tennessee, at least a portion of their claims will be governed by Tennessee law. The interests of justice therefore mandate the transfer of this cause to that forum.

The court is empowered to transfer a cause to a venue in which it "might have been brought." As the cause of action arose in Memphis, Tennessee, the defendant corporation resides in Tennessee, and most of the witnesses live in Tennessee, it is a venue in which the cause "might have been brought." In light of these findings, the court is of the opinion that the defendants' motion to transfer venue is well taken and should be granted, and that the convenience of the parties and witnesses and the interests of justice would best be served by transfer to the Western District of Tennessee, Western Division, Memphis, Tennessee.