Cheryl J. **ANDERSON, Plaintiff,**

v.

Gary P. **SULLIVAN, Defendant.**

No. A4–04–052.

United States District Court,
D. North Dakota,
Southwestern Division.

Aug. 16, 2004.

---

Charles L. Neff, Bjella, Neff, Rathert, Wahl & Eiken, P.C., Williston, ND, for Plaintiff.

James S. Hill, Rebecca S. Thiem, Zuger Kirmis & Smith, Bismarck, ND, for Defendant.

## ORDER DENYING MOTION FOR TRANSFER OF VENUE

HOVLAND, Chief Judge.

Before the Court is Defendant Gary P. Sullivan's Motion for Transfer of Venue filed on June 15, 2004. For the reasons set forth below, the motion is denied.

### I. *BACKGROUND*

In 1975, the C.J. McCormick Equity Trust ("Trust") was created and recorded in Napa County, California, naming the plaintiff, Cheryl J. Anderson, as the sole beneficiary. The physical assets of the Trust are located in various states around the country and Trust income is generated predominately by oil and gas royalties. In 1985, the defendant, Gary P. Sullivan, was chosen to serve as a Trustee. Sullivan continued to manage the Trust when he moved to·Williston, North Dakota, in 1992. In 1993 or 1994, Sullivan opened at least one bank account for the Trust in Williston and deposited Trust income in that account. For approximately nine years, Sullivan lived in North Dakota and managed the Trust. During that time, several Williston-area residents assisted Sullivan with the accounting duties related to the Trust.

Beginning in January 2001, Anderson claims that Sullivan conducted a series of prohibited and unlawful transactions using Trust funds. Examples of these alleged improper transactions include: (1) Sullivan's use of $100,000 in Trust funds to purchase an Internet computer business located in Williston named Dakota Internet Access; (2) Sullivan's purchase of a Florida residence with $56,716.40 from the Trust; (3) Sullivan's purchase of Culligan Water of Williston with over $110,000 from the Trust, and (4) Sullivan's payment of Trust funds to his daughter residing in North Dakota.

In the fall of 2001, Sullivan moved to Florida. He continued as trustee until April 2004. When Anderson filed the current lawsuit in state district court in North Dakota, she also requested that Grant Archer, the acting Public Administrator for Williams County, North Dakota, be named as acting trustee. On April 1, 2004, state district court judge David W. Nelson appointed Grant Archer as interim trustee for the Trust. Anderson moved from California to North Dakota in the summer of 2002. It appears Anderson still resides in North Dakota, although Sullivan asserts she has recently spent a considerable amount of time in Oregon and California.

On April 5, 2004, Anderson filed a complaint in state court claiming Sullivan misappropriated funds while serving as a trustee for the Trust. The action was removed to federal court in North Dakota on April 30, 2004. On April 23, 2004, Sullivan filed suit in federal district court in Florida seeking a final accounting and judicial settlement of the Trust, relief from his duties as administrator, and reimbursement for his expenses and fees for administering the Trust. Sullivan answered Anderson's complaint and filed a counterclaim on May 7, 2004, requesting relief identical to his action initiated in Florida. Sullivan now requests a change of venue from this Court to the United States District Court for the Southern District of Florida, Fort Pierce Division, under the provisions of 28 U.S.C. § 1404(a). On August 9, 2004, the United States District Court for the Southern District of Florida issued an order dismissing Sullivan's Florida action and closing the case.

## II. LEGAL DISCUSSION

"[Section 1404(a)] assumes that venue is proper in the court where the action is initially filed, and also that the court has jurisdiction over the person of the defen-

dant." Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1201 (8th Cir.1990). "Change of venue, although within the discretion of the district court, should not be freely granted. Courts are in the business of deciding cases, not playing procedural hockey among available districts at the whim of dissatisfied parties." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir.1982) overruled on other grounds, Missouri Housing Development Com'n v. Brice, 919 F.2d 1306, 1311 (8th Cir.1990).

When considering a motion to transfer a civil action to another district or division where it might have been brought, a court is statutorily required to balance three factors: (1) convenience of parties, (2) convenience of witnesses, and (3) interests of justice. 28 U.S.C. § 1404(a). In keeping with the "flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), evaluation of a transfer motion is not limited to these three factors, but instead, "such determinations require case-by-case evaluation of particular circumstances at hand and consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.1997), cert. denied, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).

## A. CONVENIENCE OF THE PARTIES

Sullivan contends that he suffers from muscular dystrophy which limits his ability to travel and thus makes adjudication in North Dakota inconvenient. Sullivan included the affidavit of Dr. Jeffrey L. Glickman, Sullivan's attending physician, in which he opines that "[t]ravel either by plane or prolonged automobile would adversely affect Mr. Sullivan's health due to

risk of infection and general stress on his debilitated muscular state." (Docket No. 6, Exhibit 1, Affidavit of Glickman, ¶ 6). The record also reflects that Sullivan was able to travel to North Dakota in 2003. (Docket No. 6, Sullivan's Statement of Health and Physical Condition, ¶ 8). Anderson asserts that she resides in North Dakota and the Williston area is the location of the malfeasance. Anderson also states that, based on her own observations, she believes Sullivan can still travel.

■ The Florida Court aptly summarized the inconvenience to the parties as follows:

Regardless of the outcome of the instant Motion, one party will be inconvenienced. There appear to be no way to avoid such a result. The North Dakota action was filed first. The North Dakota court has removed [Sullivan] as trustee and appointed an interim trustee. The Court recognizes [Sullivan's] inability to travel to North Dakota. However, [Sullivan] will play an integral role in the discovery process and trial preparation from his home where he has maintained trust records, regardless of it this action takes place in North Dakota or Florida. [Sullivan] is represented by counsel who will be able to represent his interest despite the inability of [Sullivan] to by physically present at hearings or perhaps a trial. Furthermore, [Sullivan] filed a motion to change venue in the North Dakota action seeking to have the action moved to the Southern District of Florida. Should the court in North Dakota find such a transfer appropriate, this action can be reopened. It appears that the North Dakota court is an appropriate venue where one party resides there, who is also the sole beneficiary of the trust at issue, assets of the trust are located in North Dakota, and this is an action for its accounting and dissolution.

In its current posture, where the action was first filed in a different state which has already taken affirmative steps in the action, the Court does not find that [Sullivan's] inability to travel is a compelling circumstance which overrides the priority given to the first filed forum.

The Court agrees with the analysis of the Florida Court. In doing so, the Court does not take lightly the fact that by keeping the action venued in North Dakota, Sullivan may be unable to appear in person. As weighty as that consideration may be, the Court finds the convenience of the parties factor weighs in favor of venue in North Dakota.

## B. CONVENIENCE OF THE WITNESSES

■ The factor generally afforded the greatest weight by courts considering a motion for change of venue is the convenience of the witnesses. Nevertheless, this factor is not dispositive and must still be weighed against the other relevant factors—such as the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The party with the longest list of potential witnesses who reside in their respective district will not necessarily prevail. *See Terra Int'l. Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688 at 696 (noting that "sheer numbers of witnesses will not decide which way the convenience factor tips"). Rather, the Court "must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Reid–Walen v. Hansen,* 933 F.2d 1390, 1396 (8th Cir.1991).

Here, Anderson claims that local bookkeepers, business persons, and bankers make up the bulk of non-party witnesses

that will likely be called to testify at trial for both sides. Testimony from these witnesses would be material and important for both parties. As most of these witnesses are North Dakota residents, the Court finds that the convenience of the witnesses weighs in favor of a North Dakota venue.

## C. *INTERESTS OF JUSTICE*

In *Terra Int'l. Inc. v. Mississippi Chem. Corp.*, the Eighth Circuit recognized several factors to consider in the interest of justice for Section 1404(a) purposes: (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. 119 F.3d 688, 696 (8th Cir.1997).

Sullivan's arguments regarding the consolidation of this action with his suit filed in Florida seeking a final accounting of the Trust, payment for Trust management, and termination of his duties as a trustee are now moot. Thus, this factor does not weigh in favor of a change of venue.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under typically bears the burden of proving that a transfer is warranted." *Terra Int'l. Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.1997).

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947);[1] *Reid–Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir.1991) (finding that the defendant "must overcome the heavy presumption against disturbing the plaintiff's forum choice"). Anderson sets forth several reasons for filing in North Dakota, many previously discussed. She resides, or did reside in North Dakota at the time of filing her complaint. Although Anderson has traveled to Florida on Trust-related business, she chose North Dakota because the alleged wrongdoing involved North Dakota law, North Dakota residents, and North Dakota businesses.

The next factor the Court must consider is the comparative costs to the parties of litigating in each forum. Neither party has offered the court any estimates as to how much more it would cost to try the case in the other party's forum of choice.

Turning finally to the last remaining factors, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law, the Court sees no difficulty in either party enforcing a favorable judgment on its claims in either federal forum, and thus this factor does not weigh in favor of transfer. Additionally, the Court does not find any relative advantages or obstacles

---

1. *Gulf Oil* was originally decided in the context of the doctrine of *forum non conveniens*—a precursor to Section 1404(a)—where the U.S. Supreme Court enunciated a general list of private and public interests, which have assisted the Courts in evaluating a motion to transfer venue. Section 1404(a) is not merely a codification of *forum non conveniens*, but rather a modification that eliminated the harsh result of dismissal. As a consequence, the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad. *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). "This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

to a fair trial for either party in either forum. Thus, the Court finds that the balance of the interest of justice factors does not support transferring this case to Florida.

## III. *CONCLUSION*

In sum, this Court finds that Sullivan has not met his burden of showing that a transfer to Florida is more convenient for the parties or witnesses, or in the interests of justice. The Court in its discretion expressly finds that a change of venue is neither required nor warranted in this case. Accordingly, the Court **DENIES** Sullivan's Motion for Change of Venue (Docket No. 5).

**IT IS SO ORDERED.**