**.APEX ELECTRICAL MFG. CO. v. SEARS, ROEBUCK & CO.**

Civ. No. 975.

United States District Court
S. D. Ohio, W. D.
Nov. 8, 1949.

H. F. McNenny, of the firm of Richey & Watts, Cleveland, Ohio, Joseph D. Chamberlain, Dayton, Ohio, for plaintiff.

Anthony R. Chiara, Donald J. Simpson, of the firm of Charles W. Hills, Chicago, Ill., Greer M. Marechal, of the firm of Marechal & Biebel, Dayton, Ohio, for defendant.

NEVIN, Chief Judge.

On April 25, 1949, defendant herein filed a motion wherein it moves "that this suit be transferred to the District Court of the United States for the Northern District of Ohio, Eastern Division."

The cause is now before the court on this motion.

Defendant filed its motion under the authority of Section 1404(a), Title 28 U.S.C. A. This section, insofar as here pertinent, reads as follows:

*"Change of Venue.*

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

With its motion defendant assigns ten reasons "for the motion." Among other reasons are the following:

"1. The transfer is necessary for the convenience of the parties and witnesses and in the interest of justice.

"2. There is now pending in the District Court of the United States for the Northern District of Ohio, Eastern Division, a suit for declaratory judgment entitled Nineteen Hundred Corporation v. The Apex Electrical Manufacturing Company, individually and as trustee, and James B. Kirby and which involves (a) the same patents as are here in suit, (b) the same trustee alleged to control said patents, namely, The Apex Electrical Manufactur-

ing Company, (c) the inventor, James B. Kirby, who allegedly still has a vital interest in said patents and (d) Nineteen Hundred Corporation, the manufacturer of the alleged infringing machines being marketed by Sears, Roebuck and Company, a customer of Nineteen Hundred Corporation. * * *

"5. The defendant herein, Sears, Roebuck and Company, is not the main principal involved in the alleged infringement but is merely a customer of Nineteen Hundred Corporation which latter concern manufactures the machines alleged to be infringements. * * *

"9. The defendant in this cause, Sears, Roebuck and Company, is also doing business in the jurisdiction of the Cleveland Court, and has sold machines within the last six years identical to those here alleged to be infringed in the Cleveland Court jurisdiction so that defendant could equally as well have been sued at Cleveland.

"10. This motion to transfer is being made upon the basis that upon the transfer of this case to the Cleveland Court, it can be consolidated with the Cleveland suit."

Attached to its motion is a copy of the complaint in Civil Action 26409 pending in the United States District Court for the Northern District of Ohio, Eastern Division, entitled Nineteen Hundred Corporation, Plaintiff, v. The Apex Electrical Manufacturing Company et al., Defendants.

In support of the motion defendant, on June 24, 1949, filed the affidavit of Mr. Anthony R. Chiara. No counter affidavits have been filed. Briefs have been submitted by counsel for the respective parties in support of and contra the motion, and on July 1, 1949, counsel for the respective parties presented their views by way of oral argument.

Among other arguments advanced in opposition to the granting of the motion, plaintiff urges that the motion has not been seasonably filed; that any motion affecting the venue must be brought at the earliest opportunity and before general appearance; and that objections to venue are waived if they are not presented in, or prior to, defendant's answer.

■ It is agreed that the present statute is a codification and an extension of the former doctrine of *"forum non conveniens"* and that it is applicable to cases pending when it became effective on September 1, 1948. Schoen v. Mountain Producers ·Corporation, 3 Cir., 170 F.2d 707, 714. It is purely procedural in character.

■ Whether or not the motion shall be sustained at this time or at any time during the course of the litigation, is a matter resting in the sound discretion of the court. In any given case (as in this) the determination of the question depends upon many facts and such facts as appear of record in each particular case.

In the Schoen case, supra, the Court, 170 F.2d p. 714, say: "It will be seen, therefore, that the present procedure is not to dismiss a suit which has been brought in an inconvenient forum but rather to transfer it to another more convenient forum in which it might have been brought originally, if the district court determines that such a transfer is necessary for the convenience of the parties and the witnesses and is in the interest of justice. The statute thus confides in the district court a wide discretion * * *."

Upon the record here presented, it appears that none of the parties in either this cause, No. 975, (Dayton) or Civil Action No. 26409 (Cleveland) reside in the Southern District of Ohio, or in the City of Dayton, Ohio; (Plaintiff in the instant (Dayton) case, avers that it is an Ohio Corporation, "having a principal place of business at 1070 East 152 Street, Cleveland, Ohio." Plaintiff in the Cleveland case has "its principal office and place of business in St. Joseph, Michigan." Defendant, Sears, Roebuck & Company, has a place of business in Dayton and one also in Cleveland); that the suit now pending in Cleveland could not have originally been instituted at Dayton and that books, records, correspondence and documents are available for compulsory process in Cleveland, but are not so available in Dayton.

■ Upon a consideration of the record here presented, the briefs and arguments of counsel and the applicable law, the court is of the opinion and so finds that defend-

ant's motion to transfer is well taken and that it should be, and it is, sustained.

Counsel may prepare and submit a proper order transferring this cause to the United States District Court for the Northern District of Ohio, Eastern Division, in accordance with defendant's motion to that effect.