**A/S DAMPSKIBSSELSKABET SVENDBORD et al.**

v.

**UNITED STATES.**

**THE OMAR E. CHAPMAN.**

**THE GERD MAERSK.**

No. 559.

United States District Court
E. D. Texas, Beaumont Division.

Dec. 7, 1953.

Leslie M. Ball, Tatum, Camp & Ball, Beaumont, Tex., for libellant.

William M. Stegar, U. S. Atty., Tyler, Tex., for respondent.

DAWKINS, District Judge.

On September 15, 1952, as owner of the S/S John Chester Kendall, the United States filed in the Southern District of New York a libel against the motor vessel Gerd Maersk and against A/S Dampskibsselskabet Svendbord and Dampskibsselskabet AF 1912 A/S, the latter a corporation under the laws of Denmark with its principal place of business in Copenhagen, Denmark, alleging that the latter had no domicile or principal place of business in that district and seized the said motor vessel. It charged that on July 23, 1951, in the Suez Bay the said Gerd Maersk collided with the steamer John Chester Kendall, causing great damage to said vessel and its cargo. Details as to the fault and negligence of the Gerd Maersk were set forth. The damages claimed were $600,000. On July 17, 1953, the A/S Dampskibsselskabet Svendbord and Dampskibsselskabet AF 1912 A/S, respondents, filed an answer to that libel, denying the allegations of fault and praying that the libel be dismissed.

On July 20, 1953, the said A/S Dampskibsselskabet Svendbord and Dampskibsselskabet AF 1912 A/S, as owner of the motor vessel Gerd Maersk filed in the United States District Court for the Eastern District of Texas against the United States, as owner of the SS Omar E. Chapman, another libel, also claiming damages to the said motor vessel and

charging the Omar E. Chapman with fault which entitled this second libellant to damages in an amount unspecified, and further praying that the United States, as the owner of the Omar E. Chapman, be ordered to pay to the Republic of India, as owner of the cargo on such last mentioned vessel, whatever sum the libellant may be found to be due the said Republic.

The suits in New York and the suit here grow out of the same collision involving three vessels in the Suez Bay.

On November 2, 1953, the United States filed in this Court a motion to transfer the present cause to the Southern District of New York where the other cases had previously been filed and are now pending. Attached to the motion is an affidavit of John F. Gerity, reading in part as follows:

"I am a member of the firm of Kirlin, Campbell & Keating, one of counsel to United States Attorneys, proctors for United States of America, owner of the steamer Omar E. Chapman, and of counsel to J. Edward Lumbard, Esq., United States Attorney for the Southern District of New York, the proctor for United States of America, as owner of the steamer Omar E. Chapman, in respect of pending suits in the Southern District of New York. I am familiar with all of the proceedings heretofore had herein, and in the causes pending in the District Court for the Southern District of New York which arise out of the same subject matter.

"This affidavit is submitted in support of a motion for an order of this Court transferring the venue of the above captioned cause from the Eastern District of Texas, Beaumont Division, to the United States District Court for the Southern District of New York.

"I am informed and believe:

"That, United States of America is the owner of the steamships Omar E. Chapman and John Chester Kendall, which at the material times were engaged in the carriage of food grains to India to implement the provisions of The Emergency Food Aid Act of 1951. On July 23, 1951, in the course of their voyages, and while the ships Chapman, Kendall and Maersk were located in Suez Bay, Egypt, a collision occurred between the Danish motorvessel Gerd Maersk, while underway, and the anchored steamer John Chester Kendall, resulting in damage to both vessels, a portion of the Kendall's cargo and sacrifices and expenditures of a general average nature. United States of America, as owner of the John Chester Kendall and Omar E. Chapman, has been proceeded against in the District Court for the Southern District of New York by the libellants herein A/S Dampskibsselskabet Svendbord and Dampskibsselskabet Af 1912 A/S, owners of the motorvessel Gerd Maersk, in several suits in Admiralty arising out of the collision. Previously to the filing of the libel in this Court on July 20, 1953, the following causes, (Ad 174–231) arising out of the same subject matter, were then pending in the U. S. District Court for the Southern District of New York.

"1. United States of America as owner of The John Chester Kendall and as bailee of her cargo against the motorvessel Gerd Maersk, her engines &c., and against A/S Dampskibsselskabet Svendbord and Dampskibsselskabet Af 1912 A/S. Filed September 15, 1952; answer in behalf of respondents-claimants filed on July 17, 1953. Thereafter Note of Issue for trial was filed.

"2. On or about December 2, 1952, The Republic of India, by motion obtained an order granting its Petition to intervene in the above stated libel, as the alleged owner of the cargo laden on board the John Chester Kendall, and libelled in its name and interest the Gerd Maersk, her engines &c. and A/S Dampskibsselskabet Svendbord and Dampskibsselskabet Af 1912 A/S. Answer by claimants-respondents was filed on July 17, 1953, together with:

"3. Petition of A/S Dampskibsselskabet Svendbord and Dampskibsselskabet Af 1912 A/S as owner of the motorvessel Gerd Maersk impleading United

States of America as owner of the Omar E. Chapman in the intervening libel of The Republic of India;

"4. Cross-libel of A/S Dampskibsselskabet Svendbord and Dampskibsselskabet Af 1912 A/S as owner of the motor-vessel Gerd Maersk against the United States of America as owner of the steamer Omar E. Chapman and as owner of the John Chester Kendall.

"Answers in behalf of United States of America were held in abeyance pending settlement negotiations, but are now in the course of preparation.

"All of the foregoing causes were filed in the United States District Court for the Southern District of New York before the filing of the suit in this Court by A/S Dampskibsselskabet Svendbord and Dampskibsselskabet Af 1912 A/S as owner of the Gerd Maersk, and all the suits assert negligence against both the Chapman and Kendall.

"At the outset the owners of the Gerd Maersk submitted to the jurisdiction of the Southern District of New York by furnishing to the United States a letter of undertaking to appear in that District under a libel of the United States of America as owner of the John Chester Kendall and as a bailee of her cargo, and to post a surety bond for value on demand. Libelants herein have appeared and answered in the foregoing suits against them in the Southern District of New York and have posted a surety bond in compliance with their undertaking.

"It is believed that libelants have filed suit in this Court out of an abundance of precaution, in order to avoid any possible contention of a technical jurisdictional defense to proceeding against the Omar E. Chapman invoking the principles of libel *in rem*, as she is stated to be in the lay-up fleet located within the District Court for the Eastern District of Texas, Beaumont Division. Any issue that could properly be raised on that basis is now met and it is submitted that only a question of venue remains.

"Your deponent respectfully submits that the removal of the venue of this cause to the Southern District of New York will not prejudice in any way the interests of libelants herein. However, venue in this District is not in the best interests of United States of America as owner of the Omar E. Chapman on, among others, the following grounds:

"1. If the venue for trial of this cause be retained by this Court, the United States as owner of the Chapman will be subject to a double trial on the merits:

"(a) defensively under the suit against it herein, and

"(b) under the answer and petition of libelants herein to the intervening and impleading petitions concerning the suit of libelant The Republic of India, and libelants' cross-suit against the United States *in personam* on the principles of libels *in rem* against both the Chapman and Kendall.

"(c) In the situation set forth in *1* above, if after a trial of this cause in Texas any interlocutory decree awarding a recovery by the Maersk would be the subject of further proceedings in proof of damages in Texas, and also proceedings in New York under any interlocutory decree adjudicating asserted cross-liabilities—involving the possibility of a second double trial before entry of a final decree.

"(d) It would probably be necessary to produce material witnesses in open Court, not only from the Chapman but also from the Kendall, and independent witnesses who are citizens of the United States,—in both Districts.

"2. A multiplicity of suits arising out of one subject matter can serve no useful purpose, but will harass the United States of America, involve substantial additional expense which would follow the necessity of participating in proceedings in two District Courts of the United States.

"3. Principal witnesses in the captioned cause are residents in or near the Southern District of New York.

"4. With one possible exception, it is unlikely that any of the numerous Gov-

ernment's witnesses are now or will be in the foreseeable future in the District for the Eastern District of Texas. Beaumont Division.

"5. It would be inconvenient and a hardship to transport and maintain witnesses for a trial in Texas.

"6. The most convenient forum is the Southern District of New York.

"7. The interests of all litigants would be better served by venue in the Southern District of New York."

A similar affidavit by Charles S. Haight, one of the Proctors for the libellant in this Court, in all main particulars is substantially the same as the one quoted above, the main difference being that it is stated some of the witnesses for the respondent live in closer proximity to Beaumont than to New York City. It further points out that the premiums and other expenses in connection with the surety bond given by the owners of the Gerd Maersk will amount to substantial figures before the cases previously filed in New York and this one, if transferred, can be reached there for trial. There is, therefore, no conflict in the statements as to the issues and proceedings already taken in New York and it is not deemed necessary to quote from this second affidavit at length as was done with the first.

At the argument of this motion to transfer, attorneys for the libellant finally admitted that the principal reason for wanting the case to remain in this Court was the element of time within which a trial could be had. It was stated that the docket or calendar of the Southern District of New York is badly congested and it might be two or three years before the cases there and the present one could be reached. However, a more important consideration, it would seem, is that all of the facts and circumstances necessary to determine the rights of the parties will have to be presented both there and here at different times, and it is possible that the two Courts could reach conflicting conclusions; whereas if the case filed here is transferred, it can be consolidated with those in the Southern District of New York and all rights determined in a single trial without the possibility of such a conflict. Besides, the calendar of the Eastern District of Texas is also badly congested, as the writer has found during the past four weeks of presiding here, and it would necessarily be at least several months before the present case could be reached. Considering all of the circumstances, the Court believes it would be in the best interest of all concerned to transfer this case as requested in the motion and it is accordingly so ordered.