**REDERIAKTIERBOLAGET (Hans Von Rettig A/B and Wilh, Benson O/Y as owner of THE N/T ARUBA), Libelant,**

v.

**COMPANIA DE NAVEGACION "ANNE" S.A., Respondent.**

United States District Court
S. D. New York.
Sept. 16, 1954.

Crowell & Rouse, New York City, for libelant.

Gabriel Galef, Victor Jacobs, New York City, for respondent.

PALMIERI, District Judge.

A libel was filed on August 9, 1954 to recover for nonpayment of charter hire. The libelant alleges that the respondent's chartering operations took place in New York and that the charter party in question provided that the hire was payable monthly in advance in New York. A citation issued to the United States Marshal for this District resulted in the attachment of respondent's account in a New York bank to the extent of approximately $2,000. Thereafter a notice of appearance was filed on behalf of respondent. Subsequent thereto, a motion was made by the respondent to dismiss the libel. At about the same time as the filing of the libel here, the libelant filed a similar libel in the United States District Court, Canal Zone, and secured an attachment of respondent's M.V. "Sabrina".

The respondent argues that such attachment affords the libelant adequate security for any eventual recovery; that this Court has no jurisdiction; that if it be decided that the Court has jurisdiction, it should decline jurisdiction on the basis of *forum non conveniens.*

The motion must be denied. It is clear that this Court has jurisdiction, see The Aguia, D.C.E.D.S.C.1947, 72 F.Supp. 201, and Benedict on Admiral-

ty, 6th Ed., Vol. 1, § 96, see p. 293; and that the suit pending in the District Court, Canal Zone, is not a bar to this action. See Paluchowska v. United States Lines Co., Inc., D.C.S.D.N.Y.1950, 93 F. Supp. 751, 752, and Asiatic Petroleum Corp. v. Italia Societa Anonima Di Navigazione, 3 Cir., 1941, 119 F.2d 610, 613. While the action in the United States District Court, Canal Zone, involves the same parties and the same issues, discretion to decline to retain jurisdiction in this cause should not be exercised.

In the light of the pleadings and affidavits before me, it would be unreasonable to conclude that the libelant has obtained ample security by the Canal Zone attachment. Indeed, the papers filed herein by the libelant indicate that the respondent may be financially unstable and without any valid defense. The fact that respondent's chartering operations took place in New York renders this forum desirable at least from the standpoint of the availability and convenience of witnesses.