Mary Genese ROWSTON, as Administratrix, etc., Plaintiff,

v.

OGLEBAY NORTON COMPANY,
Defendant.

No. 35590.

United States District Court
N. D. Ohio, E. D.

Jan. 26, 1960.

J. Harold Traverse, Cleveland, Ohio, and George J. Engelman, New York City, for plaintiff.

Robert Branand, Thomas O. Murphy, Johnson, Branand & Jaeger, Cleveland, Ohio, for defendant.

McNAMEE, District Judge.

This action is brought under the Jones Act, 46 U.S.C.A. § 688, against the Oglebay Norton Company, owner of the steamship O. S. McFarland, to recover damages for the alleged wrongful death of plaintiff's decedent, which occurred on February 16, 1958. The action is brought for the benefit of the decedent's three minor children aged 6, 7 and 9, respectively, who are the sole beneficiaries entitled to participate in any recovery. The complaint also alleges a claim for personal injuries sustained by the decedent and avers that the injuries and death were caused solely by the negligence of defendant. Proceeding under Rule 12(b) F.R.Civ.P., 28 U.S.C.A. defendant has moved to dismiss the complaint with prejudice as to plaintiff on the asserted grounds that plaintiff has failed to state a claim on which relief may be granted and that this Court is without jurisdiction of the subject matter. In effect, the motion constitutes an attack under Rule 17(b) on plaintiff's capacity to maintain the action. The motion is predicated upon the contention that plaintiff's appointment by the Pro-

bate Court of Cook County, Illinois is invalid because at the time of decedent's death he was not a resident of the state of Illinois or the owner of property in that state. In support of the motion, defendant filed affidavits of Walter H. Rowston, father of the decedent, and Thomas O. Murphy, one of the attorneys for defendant. Attached to the affidavits are certified copies of court records and copies of records of various employers of decedent. In opposition to the motion, plaintiff has filed her own affidavit together with copies of letters received by her. From the moving papers, the following facts appear:

Plaintiff and decedent were married in 1949. Three children, the beneficiaries herein named, were born of the marriage. In 1954 decedent deserted plaintiff. In 1956 plaintiff filed suit for divorce in the Circuit Court of Cook County, Illinois. Her attorney in that action filed an affidavit stating that the decedent's last known place of residence was "31 Clark Street, Pontiac, Michigan." The employment records of decedent for 1954–1955 and 1957–1958 disclose his residence to be stated as "31 Clark Street, Pontiac, Michigan." After the death of plaintiff's decedent, his father, Walter H. Rowston, who resides at the above address, was appointed administrator of his deceased son's estate by the Probate Court of Oakland County, Michigan, on April 27, 1959. Thereafter Walter H. Rowston employed his nephew, Philip Rowston, to act as his attorney. Plaintiff asseverates that she is supporting herself and her children by her earnings; that Walter Rowston, administrator, the paternal grandfather of her children, has made no inquiry as to their welfare and has made no contribution to their support; that she received no advice from either Walter Rowston or his attorney Philip Rowston as to the rights of the children in the cause of action for wrongful death; and that she received no information from either of them with reference to the facts or circumstances of her former husband's death. On August 26, 1959 plaintiff petitioned for

and received letters of administration of the estate of the decedent from the Probate Court of Cook County, Illinois. In her petition for appointment as administratrix plaintiff stated that the decedent was a resident of Cook County, Illinois at the time of his death; that the sole asset of the estate was an action for wrongful death and that plaintiff having been appointed guardian of the estate of the three children intended to commence an action under Title 46 U.S.C.A. § 688 for the benefit of the children. In her affidavit plaintiff states that she "believes the decedent never changed his residence from Chicago, Illinois to any other place." She elucidates the reasons for such belief at length but it is unnecessary to restate such reasons here. While plaintiff contends that decedent was a resident of Cook County, Illinois at the time of his death, she opposes the motion on the further ground that defendant may not in this action collaterally attack her appointment as administratrix.

## Discussion

 It is a general rule that a decree of a probate court appointing an administrator may not be collaterally attacked in an action brought by him for wrongful death where no jurisdictional defect appears on the face of the proceedings. 16 Am.Jur., p. 187; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904. This is also the rule in Illinois. Bremer v. Lake Erie & W. R. Co., 318 Ill. 11, 148 N.E. 862, 41 A.L.R. 1345. The same rule was followed by the Sixth Circuit Court of Appeals in Harrison v. Love, 81 F.2d 115. In that case the decedent, an Ohio resident, was killed in an automobile accident in Ontario, Canada. The decedent's wife was appointed administratrix by the Probate Court in Ohio. Under the law of Michigan a foreign administratrix could not institute suit in that state. The Ohio administratrix, therefore, filed in Berrien County, Michigan, a petition for the appointment of a special administrator, in which she alleged:

"* * * that she is interested in said estate; that said deceased departed this life on the 10th day of August, 1932 * * * that said deceased left an estate within said County of Berrien, Michigan, to be administered, and that the estimated value thereof is as follows: a cause of action for wrongful death, $50.00 and upwards, as she is informed and verily believes."

■■ The Court of Appeals held that the right of action for wrongful death constituted "assets" for distribution; that the requisite jurisdictional facts appeared in the petition and that the appointment of the special administrator was not subject to attack in the wrongful death action. Under Rule 17(b) plaintiff's capacity to sue must be determined by the law of Ohio. A foreign administrator may sue in Ohio. R.C. Ohio, § 2113.75. In harmony with the weight of authority elsewhere, Ohio courts have held that a decree of a probate court appointing an administrator cannot be collaterally attacked where no jurisdictional defect appears on the face of the proceeding. Marshall v. Heckerman, 103 Ohio St. 559, 563, 134 N.E. 449, and cases cited therein. No jurisdictional defect appears in the decree of the Probate Court of Cook County, Illinois appointing plaintiff herein as administratrix. Moreover, there is considerable doubt that the appointment of a personal representative for the sole purpose of prosecuting an action for wrongful death under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., or the Jones Act must be made in the state and county in which the decedent last resided. The right of action in such cases is not an asset of the decedent's estate. It is an asset vested beneficially in the particular persons designated in the statute. Such right vests beneficially and absolutely in the surviving widow or husband and children and, contingently, in the parents and dependent next of kin. Under the statute, the right is enforceable solely by the personal representative. Such representative acts as

trustee for the beneficiaries designated in the statute. But, as the courts have held, the right to maintain the action is not limited to a personal representative appointed by a court of the county and state of the decedent's last place of residence. In Anderson v. Louisville & N. R. Co., 6 Cir., 1914, 210 F. 689, 690, the question presented, as stated by the court, was:

"* * * whether, notwithstanding the previous appointment of the Kentucky administratrix, the Tennessee administrator can for the purposes of the suit be rightfully treated as the decedent's 'personal representative' within the meaning of that portion of the Federal Employers' Liability Act, which in terms declares the railroad company 'shall be liable in damages' to the deceased employe's 'personal representative, for the benefit of the surviving widow * * * and children of such employe' (35 Stat.L. 65)."

After a full consideration of the question, the court held that the right of action conferred by the statute was not vested exclusively in the domiciliary administrator. The reasoning of the court is summarized in the following language of the opinion:

"Now, the effect of the remedial nature of the Employers' Liability Act and the representative character of the present suit cannot escape attention in a situation like this. Both of these features, together with the liberal construction they manifestly imply, would seem to be inconsistent with the idea that a right of action was vested solely in the domiciliary administrator."

Scott v. New York, C. & St. L. R. Co., 7 Cir., 159 F.2d 618, 619, involved the claim of an attorney who had been employed by an administrator appointed in Illinois, for a lien on a fund recovered in another action by an administrator appointed in Indiana. Both actions were brought under the Federal Employers' Liability Act. The court denied the lien because judgment was obtained by an-

other administrator in another state and there was nothing to which a lien of the attorney could attach. The case is of interest here because the Court of Appeals of the Seventh Circuit recognized that personal representatives under the Federal Employers' Liability Act were regularly appointed in different states. In this connection the court said:

"* * * Since personal representatives were regularly appointed in both Illinois and Indiana to enforce the cause of action, they each had a right to sue thereon, but the action in which judgment was first reached became res judicata as to the other. Since the judgment was first recovered in Indiana, that judgment was res judicata as to the action in Illinois which had not yet reached and never did reach judgment."

In La Salle National Bank v. Pennsylvania R. Co., 8 F.R.D. 316, the District Court of Illinois was required to determine which of two actions for the wrongful death of the same decedent under the Federal Employers' Liability Act should proceed to trial. In one action the domiciliary administrator was appointed in Indiana. In the other, the La Salle Bank was appointed administrator in Cook County, Illinois. Citing the Anderson and Scott cases, supra, District Judge Campbell said:

"The act does not limit the personal representative who can enforce such right of action to the domiciliary representative. * * * Thus actions by different administrators can proceed in different jurisdictions; but since there can be only one recovery, the first action to proceed to judgment precludes recovery in any others."

■ Because the applicable Illinois statute, Ill.Rev.St.1959, c. 3, § 419, required that the Illinois administrator be substituted for the foreign administrator, the District Court ordered the suit in which the La Salle Bank was administrator to proceed to trial. Thus the administrator appointed by the Probate Court of Cook County, Illinois was in effect substituted for the domiciliary administrator appointed in Indiana. Furthermore, it appears that in the true meaning of the phrase, plaintiff is indeed the "real party in interest." She is both the natural and duly appointed guardian of the children for whose benefit she brings this action. She is charged with the responsibility of providing support and guidance for the children. Distribution of any fund recovered can be properly and most conveniently made under the supervision of the Probate Court of Cook County, Illinois, where plaintiff and the children reside. Plaintiff's appointment as administratrix is incontestable in this action and, as shown by the authorities last cited above, such appointment probably would be held valid against a direct attack even if it were shown that the decedent was not a resident of Illinois at the time of his death.

For the reasons stated above, the motion to dismiss is overruled.