John C. GLENN, Public Administrator of Queens County, and as Administrator of the Goods, Chattels and Credits which were of Mikles Kmetty, a/k/a Nick Kmetty, Deceased and Alexander Kiss, a/k/a Sandor Kiss, Deceased, Plaintiffs,

v.

TRANS WORLD AIRLINES, INC., Defendant.

No. 62 C 302.

United States District Court
E. D. New York.

Oct. 23, 1962.

George W. Herz, Jamaica, N. Y., for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, P. G. Pennoyer, Jr., New York City, of counsel, for defendant.

ZAVATT, Chief Judge.

Two wrongful death actions, one in behalf of the next of kin of Alexander Kiss, deceased, and one in behalf of the next of kin of Mikles Kmetty, which arose out of the crash of one of defendant's planes in Chicago on September 1, 1961, were commenced by the Public Administrator of Queens County, New York, in the New York State Supreme Court, Queens County, were consolidated and thereafter were removed by the defendant to this court on March 28, 1962. Defendant now moves to sever the action brought by the Public Administrator in behalf of the beneficiaries of the decedent Kmetty and to transfer it to the Federal District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1404(a). In support of its motion defendant asserts that a sister of said decedent, Kmetty, who resides in Cleveland, Ohio, has been appointed administratrix of the goods, chattels and credits of the deceased by the Probate Court of Cuyahoga County, Ohio, and has commenced a wrongful death action against the defendant in the United States District Court for the Northern District of Ohio, Eastern Division. If the Kmetty action pending in this court is severed and transferred to the Nothern District of Ohio, Eastern Division, the defendant will be spared the burden of preparing for and perhaps defending two actions brought in behalf of the same beneficiaries. Defendant further contends that its witnesses are from Kansas City and Chicago and that therefore the Northern District of Ohio is a more convenient forum.

In opposition, plaintiff contends (1) that the Ohio courts are without jurisdic-

tion in the matter since the wrongful death occurred in the State of Illinois and the decedent was a New York resident; (2) that the transfer of the action would favor decedent's sister at the expense of decedent's mother, now residing in Hungary; (3) that defendant's argument based on the convenience of witnesses is without substance since the defendant is a major air carrier flying nonstop jet service between Kansas City and New York and between Chicago and New York, and is authorized under § 403 (b) of the Federal Aviation Act of 1958, 49 U.S.C. § 1373, to transport without charge witnesses, attorneys and others in connection with any legal matters in which it is interested; (4) that the requested transfer would inconvenience the plaintiff since its witnesses would have to go to Cleveland, Ohio, to attend the trial; (5) that, even if the Kmetty action were so transferred, all of defendant's witnesses would still have to come to New York to testify in the death action brought by the Public Administrator in behalf of the beneficiaries of Alexander Kiss, deceased.

■■ Before the enactment of 28 U. S.C. § 1404(a) in 1948, the federal courts had no power to transfer an action to a more convenient court. Under the doctrine of forum non conveniens the only remedy available was dismissal. This possibly harsh result was mitigated by the enactment of 28 U.S.C. § 1404(a) which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

While many of the factors relevant in determining the applicability of the doctrine of forum non conveniens remain applicable in 28 U.S.C. § 1404(a) the courts now have a broader discretion in such matters: " * * * we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." Norwood v. Kirkpatrick, 349 U.S. 29, 31, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). Among the factors to be considered in determining the transferability of particular causes are the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the scene of the accident, the enforceability of a judgment obtained, the state of the court calendar in both districts, the burden of jury duty on a community having no relation to the litigation and all other practical problems that make the trial of a case easy, expeditious and inexpensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). While due weight should be given to plaintiff's choice of forum, Gulf Oil Corp. v. Gilbert, supra, this choice is apparently entitled to less consideration where plaintiff is not a resident of the judicial district in which suit is brought. Josephson v. McGuire, 121 F.Supp. 83, 84 (D.Mass.1954).

■ The initial question to be considered under 28 U.S.C. § 1404(a) is whether the district to which the transfer is sought is one in which the action "might have been brought". Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254 (1960). While in several cases the common law rule that an administrator cannot sue outside the state of his appointment has posed a problem in the attempted transfer of wrongful death actions under 28 U.S.C. § 1404(a), Compare McKeen v. Union Pac. Ry. Co., 111 F.Supp. 876 (W.D.Mo.1953) with Popkin v. Eastern Airlines, Inc., 204 F. Supp. 426 (E.D. Pa.1962), it appears that this action is one which might have been brought in the Northern District of Ohio. The Public Administrator strongly asserts that the decedent was a New York

**34**

resident and that, therefore, the Ohio administratrix had no right to sue in any forum since her appointment was without a sufficient jurisdictional basis.[1] That, however, is not the question this court must consider. Since Ohio allows foreign personal representatives to maintain wrongful death actions in its courts, R.C. Ohio 2113.75, the Public Administrator of Queens County, New York, might have brought suit against defendant in the Northern District of Ohio.

■ The modern view is that if the forum does not require the administrator to be locally qualified there is no reason for an inflexible rule as to which administrator should be considered the proper party plaintiff. The defendant, once he pays to an authorized plaintiff, is discharged from further liability.

Since the statutory beneficiaries under the Illinois Wrongful Death Act are ultimately entitled to the funds received, no harm can be done by permitting either the Public Administrator or the Ohio appointed administratrix to sue in any state where the defendant can be served with process. Goodrich, Conflict of Laws §§ 102–104 (1949); Stumberg, Conflict of Laws 191–196 (1951). However, a problem arises where, as here, the defendant is being sued by two administrators in different forums.

The existence of a pending action involving the same parties and subject matter in the district to which a transfer is sought has been the basis of a transfer order in several cases. United States v. Kraft Foods Co., 146 F.Supp. 132 (E.D.Pa.1956); A/S Dampskibsselskabet Svendbord v. United States, 116 F.Supp. 603 (E.D. Tex.1953); Aircraft Marine Prod., Inc. v. Burndy Engineering Co., 96 F.Supp. 588 (S.D. Cal.1951); Apex Electrical Mfg. Co. v. Sears Roebuck & Co., 87 F.Supp. 533 (S.D. Ohio 1949); but it is not necessarily decisive Leopard Roofing Co. v. Asphalt Roofing Industrial Bureau, 190 F.Supp. 726 (E.D. Tenn.1960) (no possibility of consolidation with pending action); Anschell v. Sackheim, 145 F.Supp. 447 (D.N.J.1956) (action could not have been brought against all defendants in transferee district); Rederiaktierbolaget v. Compania De Navegacion "Anne" S.A., 124 F.Supp. 118 (S.D. N.Y.1954) (inadequate security in transferee district).

■ In this case Trans World Airlines is the defendant in both the New York and Ohio actions. Both actions arise out of the death of the same person and are brought in behalf of the same beneficiaries under the Illinois Wrongful Death Act, c. 70, Ill.Ann.Stat. § 2 (Smith-Hurd). It provides that the amount recovered is for the exclusive benefit of the widow and next of kin. The amount of the recovery is based on the pecuniary loss suffered by the widow and next of kin and is distributed among them in accordance with their respective losses. Thus, both actions are for the benefit of the same class of persons. The nub of plaintiff's objections to the transfer is that he feels that transfer to the Northern District of Ohio, Eastern Division, would be detrimental to the interests of decedent's mother now residing in Hungary. The Public Administrator appears to have overlooked the fact that the Illinois Wrongful Death Act determines the amount of recovery and the amount of distribution thereof to those next of kin entitled to damages, and not the local law of the forum.

■ The defendant has two main groups of witnesses: those who witness-

1. Plaintiff would have the court declare that the Probate Court of Cuyahoga County, Ohio, was without jurisdiction to appoint decedent's sister administratrix. However, in harmony with the weight of authority elsewhere the Ohio courts have held that a decree of the Probate Court appointing an administrator cannot be collaterally attacked where no jurisdictional defect appears on the face of the proceedings. Rowston v. Oglebay Norton Co., 180 F.Supp. 803, 805 (N.D.Ohio 1960); Marshall v. Heckerman, 103 Ohio St. 559, 563, 134 N.E. 449 (1921) and cases cited therein. No jurisdictional defect appears on the face of the decree of the Probate Court of Cuyahoga County, Ohio.

ed the accident, generally residents of the environs of Chicago, and its own technical personnel, generally from Kansas City and its environs. As a certified air carrier defendant maintains frequent non-stop jet service between Kansas City and New York, Chicago and New York, and Kansas City and Cleveland. No service is maintained between Chicago and Cleveland. Relative distances between the points involved are as follows:

|  | Road Mileage | Air Mileage |
|---|---|---|
| Kansas City–New York | 1,327 | 1,097 |
| Kansas City–Cleveland | 942 | 700 |
| Chicago–New York | 824 | 713 |
| Chicago–Cleveland | 349 | 308 |
| New York–Cleveland | 501 | 405 |

While the defendant can no doubt easily transport its witnesses to New York nevertheless it would seem that, as far as the witnesses themselves are concerned, a trial in Cleveland would be somewhat more convenient.

The Public Administrator contends that it would be inconvenient for unspecified witnesses to attend a trial in Cleveland, Ohio. He does not reveal how many witnesses residing in New York State he intends to call nor the phase of the case as to which their testimony is necessary. None of these unnamed and undescribed witnesses are stated to be witnesses on the question of liability. Presumably they would be called to testify as to the question of damages which, generally, in such actions is far less time consuming than the issue of liability.

The nearest next of kin of Kmetty, deceased, in the United States is the administratrix, a citizen and resident of Ohio. The Public Administrator has no interest in the case beyond the commissions on any recovery he would be entitled to. New York Unconsolidated Laws, § 1904.

The 1962 annual report of the Director of the Administrative Office of the United States Courts indicates that, during the fiscal year ended June 30, 1962, the median delay in the trial of cases tried in the Northern District of Ohio was 20.7 months, whereas the same median in this court was 32.5 months; that the percentage of docketed cases undetermined for three or more years (as of June 30, 1962) was 3.5% compared to 23.0% in this court; that the total number of cases on the docket of the United States District Court for the Northern District of Ohio as of that date was 1,158 compared to 1,848 in this court. Allowing for the difference between the number of judges in these two courts, it would appear that an earlier trial could be had in the Northern District of Ohio. Even if the case pending here were not transferred, the trial of the case pending in the United States District Court for the Northern District of Ohio, Eastern Division, would dispose of the Kmetty case pending here and would, if favorable to the administratrix, in all likelihood determine the question of liability of the defendant in the Kiss case pending here.

Under all of the circumstances the court is of the opinion that the Kmetty case should be severed from the Kiss case and should be transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

Settle an order consistent with this opinion on or before ten (10) days from the date hereof.