SEILON, INC., Plaintiff,

v.

Edward O. LAMB, Prudence Lamb, Priscilla Lamb Guyton, and Jane McCarthy, Defendants.

Civ. A. No. 83–79 ERIE.

United States District Court, W.D. Pennsylvania.

March 30, 1983.

Thomas R. Johnson, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for plaintiff.

Donald E. Wright, Jr., Knox, Graham, McLaughlin, Gornall & Sennett, Erie, Pa., Andrew E. Anderson, Spengler, Nathanson, Heyman, McCarthy & Durpee, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION

WEBER, District Judge.

This is a securities action brought in this court under Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa) and pendant jurisdiction. Venue is laid in this District both under 15 U.S.C. § 78aa and 28 U.S.C. § 1391.

We find both jurisdiction and venue proper in the Western District of Pennsylvania. Defendants have moved under 28 U.S.C. § 1404(a) to transfer venue of this action to the Northern District of Ohio, Western Division, which sits in Toledo, Ohio, for the following reasons:

1. Defendants Edward O. Lamb, Prudence Lamb, Priscilla Lamb Guyton, and Jane McCarthy are residents of the Toledo, Ohio, area and collectively own or control over 45% of plaintiff's stock.

All of these parties are intended witnesses. They are beyond the subpoena power of this court. Plaintiff has requested and obtained expedited discovery, has had subpoenas issued out of the United States District Court for the Northern District of Ohio, Western Division, to take their depositions in Toledo forthwith for use at the presently scheduled hearing for preliminary injunction in Erie. The subpoenas are now being contested in Toledo in the United States District Court. The leading case on plaintiff's choice of forum, *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 indicates a strong preference for a forum where live testimony can be heard:

> Certainly to fix the place for trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury, or most litigants.

2. Plaintiff, Seilon, Inc., is a Delaware corporation, which has had its corporate headquarters in Toledo, Ohio, since 1956. All of plaintiff's corporate records are kept in Toledo, Ohio. All of its officers and two of its three directors are residents of the Toledo, Ohio, area. Four of its five employees reside in the Toledo, Ohio, area. Seilon, Inc., has no assets in Pennsylvania. For more than ten years all of the Annual Stockholders meetings have been held in Toledo, Ohio, and regular meetings of its Board of Directors are held in Toledo, Ohio.

3. Edward Hutchinson Lamb, son of Defendant Edward O. Lamb, is a resident of the Erie, Pa. area where he is engaged in the management of certain business enterprises owned or controlled by his father. He is one of three members of the Board of Directors of Plaintiff and owns 19% of its stock. He is not a party to this action, but it is alleged that the object of the concerted action of the named defendants is to remove him from his directorship of plaintiff corporation.

4. As between parties to this action and principals who may become witnesses, all

except Edward Hutchinson Lamb reside in Toledo, Ohio.

5. Defendants as a group have business interests in Erie and have visited there from time to time in the past.

6. A special meeting of the Board of Directors of plaintiff corporation was held in Erie on March 7, 1983 at which time, it is alleged, statements were made concerning the purchase of stock by defendants to gain control of plaintiff corporation, which gave rise to the claim that the cause of action arose there because of the alleged necessity for filing a Schedule 13D under the Securities Exchange Act of 1934.

7. Except for the persons named as parties, or principals or employees of the parties, all other witnesses who may be called at the trial of the action come from various part of the United States and the location of the trial between Toledo, Ohio, and Erie, Pa., would be a matter of no importance to them:

28 U.S.C. § 1404(a) says:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil Action to any other district or division where it might have been brought.

That's all it says!

■ Nature abhors a vacuum and courts abhor an unconstrued statute. The most compelling of the judicial rules of construction of 28 U.S.C. § 1404(a), and the one most strenuously argued here by plaintiff in opposing this motion is that plaintiff's choice of forum is to be given substantial weight in determining whether to transfer. See *Gulf Oil Corp. v. Gilbert,* cite supra. This is especially applicable where the plaintiff is a resident of the judicial district in which the action is brought; otherwise, as in the present case, this choice is entitled to lesser consideration where the plaintiff is not a resident of the judicial district where the action is brought. *Glenn v. Trans World Airlines,* 210 F.Supp. 31 (E.D.N.Y. 1962); *Pope v. Missouri Pac. Rr. Co.,* 446 F.Supp. 447 (W.D.Okl.1978). Despite the fact that plaintiff was a resident of the district in which the suit was brought, the court ordered a transfer in *Hess v. Gray,* 85 F.R.D. 15 (N.D.Ill.E.D.1979) largely on the balance of convenience of the witnesses.

■ The burden here is on the defendants to show that the balance of interests is strongly in their favor. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970). One of the elements to be considered is the location of the event giving rise to the suit. We note from the complaint the only event of this nature occurring in this district was the remark made at the special Board of Directors meeting in Erie on March 7, 1983, which gives rise to plaintiff's claim that defendants' activities mandate the filing of a Schedule 13D under the Securities Exchange Act of 1934. None of the allegations of defendants' attempts to acquire shares of plaintiff corporation's stock are alleged to have taken place in this District.

■ Plaintiff's reliance on Western Pennsylvania as the locus where the claim arose is a slender reed. Very little of the action is located there. While it is enough to support venue under 15 U.S.C. § 78aa, it is not enough to outweigh other considerations under 28 U.S.C. § 1404(a). We believe that here, as in cases under 28 U.S.C. § 1391(a), the "weight of the contacts" test should also be applied when we are considering a proper forum under Section 1404(a).

It is argued that the weight to be given to plaintiff's choice of forum is enhanced by the public policy underlying the venue provisions of the Securities Exchange Act of 1934, the policy of allowing a plaintiff the widest possible number of choices of a district in which to sue. But even in *Lemberger v. Westinghouse Electric Corp.,* Fed. Sec.L.Rep. (CCH) ¶ 95,762 (E.D.N.Y.1976), where this was noted, four of the plaintiffs were residents of the district where the action was brought, and all plaintiffs agreed that the forum chosen was best suited as a forum. The other elements of a 1404(a) balance of convenience were found insufficient here.

Ultimately, as was stated in *Gulf Oil Corp. v. Gilbert,* supra, 330 U.S. at p. 508, 67 S.Ct. at p. 843:

> (b). ... the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered against the "convenience" of the witnesses or what otherwise might be the balance of "convenience" as between "the parties".

■ We have seriously weighed plaintiff's choice of forum against all the other factors indicating the advantage of transfer and find that it does not overcome these factors. We conclude that for the convenience of the parties and witnesses and in the interest of justice this case must be transferred to the Northern District of Ohio, Western Division, where it might have been brought.